UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LAWRENCE LINGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3101 |
| | ) | |
| ALFREDA KIBBY, EUGENE McADORY, and SHAN JUMPER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff proceeds pro se and is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. On May 19, 2011, Judge Baker granted Plaintiff's petition for leave to proceed in forma pauperis, stating that "[t]he court cannot rule out a constitutional claim regarding the alleged total ban on gaming and electronic devices. The defendants may have a legitimate penological or therapeutic reason for the ban, but the record must be developed before that determination can be made." (5/19/11 order). Defendants were

1

served and discovery deadlines were set in August, 2011. The next month the case was transferred to the undersigned.

On December 7, 2011 the Court revealed its concerns that Plaintiff failed to state a federal claim and directed Defendants to file a motion to dismiss. As this Court stated in that order, Judge Baker's ruling arguably only held that a claim could not be ruled out, and, in any event, prior rulings may be reconsidered. Santamarina v. Sears, Roebuck & Co., 466 F.3d 570 (7th Cir. 2006)(law of case doctrine authorizes reconsideration for compelling reasons). Additionally, since Plaintiff is proceeding in forma pauperis, the Court must dismiss this case "at *any time* if the court determines that . . . [the case] fails to state a claim on which relief may be granted." (emphasis added).

Defendants' motion to dismiss is now before the Court. The Court has not considered the attachments to the motion to dismiss. *See* Fed. R. Civ. P. 12(d)(motion must be treated as one for summary judgment if matters outside the pleadings are considered).

For the reasons already set forth in the Court's December 7, 2011

order the Court concludes that Plaintiff fails to state a federal claim for relief.  In sum, Plaintiff has no constitutional right to possess a video gaming system.  No constitutionally protected property interest exists and any First Amendment right is overridden by legitimate security concerns.  (12/7/11 Order, pp. 4-5)(*citing* this Court's 10/11/11 order in Schloss v. Ashby, 11-CV-3337).  Plaintiff may assail the legitimacy of the security concerns and the fairness of the decision, but substantial deference must be afforded Defendants in making that call.  Id. at p. 6.  No equal protection claim lies because Plaintiff is not similarly situated to patients in mental health facilities.  Id.

Plaintiff asserts in his response that the gaming ban was implemented to deter him from filing lawsuits.  However, Plaintiff alleged in his Complaint that, "[a]lthough I am not personally involved in any other Federal Litigation against the Defendants in this case as it relates to media, I have been made aware of other Law Suits by staff complaints concerning those that have brought them . . . ." (Complaint, ¶ 6, d/e 1).  Thus, he admits that he had no lawsuit pending when the gaming ban

was implemented, and no plausible inference arises that the implementation of the ban hindered or discouraged him from filing any meritorious claims.

IT IS THEREFORE ORDERED:

1) Defendants' motions to dismiss are granted (d/e's 35, 36). This case is dismissed, with prejudice, for failure to state a claim. The clerk is directed to enter judgment in favor of Defendants and against Plaintiff. This case is closed, parties to bear their own costs.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: July 17, 2012

FOR THE COURT:

                               s/Sue E. Myerscough
                               SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE