IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE LINGLE, | ) |
| Plaintiff, | ) |
| v. | ) 11-CV-3101 |
| ALFREDA KIBBY, et al. | ) |
| Defendants. | ) |

OPINION

COLIN STIRLING BRUCE, U.S. District Judge.

Plaintiff Lingle ("Lingle"), proceeds pro se from his detention in the Rushville Treatment and Detention Center. He pursues a challenge to a ban on gaming devices. Defendants move for summary judgment on grounds of *res judicata*, but their motions must be denied for reasons explained below.

BACKGROUND

Lingle filed this case on April 12, 2011, challenging a ban on gaming systems and electronic devices, a claim identified by Judge Baker, to whom this case was originally assigned. (5/19/11 text order.)

1

This case was transferred to Judge Myerscough on September 16, 2011. (9/16/11 text order.) On December 7, 2011, Judge Myerscough directed Defendants to file a motion to dismiss, addressing whether Lingle stated a claim in this case. Judge Myerscough cited an order she had entered two months prior in *Schloss v. Ashby*, 11-CV-3337, dismissing the same claim for failure to state a claim. *Schloss v. Ashby*, 11-CV-3337 (C.D. Ill.)(10/11/11 order). No final judgment had been entered in *Schloss* when Judge Myerscough dismissed the gaming device claim in *Schloss*, though, because the plaintiffs in *Schloss* were given leave to file an amended complaint on a separate, unrelated claim.

As it turns out, Lingle was also a plaintiff in *Schloss*. Lingle was thus pursuing two identical challenges to the gaming device ban, the first in this case filed on April 12, 2011, and the second in *Schloss*, filed on August 26, 2011.

On July 17, 2012, Judge Myerscough dismissed this entire case for failure to state a claim, citing her October 2011 order in *Schloss*. A final judgment was entered that day, and Lingle appealed Judge Myerscough's ruling in this case on July 24, 2012.

The next month, on August 10, 2012, Judge Myerscough dismissed the remaining claim in *Schloss,* terminating the entire *Schloss* case. A final judgment was entered in *Schloss* on August 10, 2012 and was timely appealed. Eventually, Lingle voluntarily dropped his appeal in *Schloss* but continued to pursue his appeal in this case.

On April 15, 2013, the Seventh Circuit reversed Judge Myerscough's dismissal of this case as premature, concluding that a developed factual record was needed to determine whether the ban on gaming devices was reasonably related to legitimate security or logistical concerns. (Seventh Circuit Mandate, d/e 46.) In its remand order, the Seventh Circuit stated, "[W]e note that Lingle's claims in this case arguably arise out of the same set of operative facts as those in *Schloss,* where he was a plaintiff. Therefore his complaint might be subject to the defense of claim preclusion. *See Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). But the defendants have not asked us to consider this defense, so at this stage we do not pursue the issue." Id.

**ANALYSIS**

> Res judicata applies if there is: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir.1987) (citing *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir.1982)); *see Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir.1995) (citations omitted).

*Tartt v. Northwest Community Hosp.*, 453 F.3d 817 (7th Cir. 2006).

The question is whether a "final judgment on the merits" was entered in *Schloss* case before this case. The answer is no. Judge Myerscough dismissed the gaming device claim in *Schloss* in October, 2011, for failure to state a claim, but the *Schloss* case remained alive on a different claim. A final, appealable judgment was not entered in *Schloss* until August 10, 2012, *after* this case was dismissed in its entirety. If *res judicata* barred anything, it barred Lingle's claim in *Schloss*, not Lingle's claim in this case.

Until the final judgment in *Schloss*, Judge Myerscough's dismissal of the gaming device claim in *Schloss* could have been reconsidered and revised. *See Bank of Lincolnwood v.*

4

*Federal Leasing, Inc.*, 622 F.2d 944, 949 n.7 (7th Cir. 1980)("A judicial determination has no res judicata effect until it is embodied in a final judgment."). Under Federal Rule of Civil Procedure 54(b), an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities."

In short, Judge Myerscough's October 2011 dismissal of the gaming device claim in *Schloss* was not a final judgment for *res judicata* purposes because the case remained pending on other claims. The first final judgment was in this case, so *res judicata* does not apply. *Canedy v. Boardman*, 16 F.3d 183, 184 (7th Cir. 1994)(no *res judicata* issue where two cases were pending with the same claim and judgment in the case at issue was entered first).

IT IS THEREFORED ORDERED:

1) Defendants' motions for summary judgment are denied (57, 78).

2) Plaintiff's expert disclosures are due September 30, 2014.

3) Defendants' expert disclosures are due October 31, 2014.

4) Discovery closes February 27, 2015.

5) Dispositive motions are due March 31, 2015.

ENTER:  8/4/2014

FOR THE COURT:

<u>**s/Colin Stirling Bruce**</u><br>
COLIN STIRLING BRUCE<br>
UNITED STATES DISTRICT JUDGE