IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE LINGLE, | ) |
| Plaintiffs, | ) |
| v. | ) No. 11-CV-3101 |
| ALFREDA KIBBY, et al., | ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his detention in the Rushville Treatment and Detention Center. This case began as a challenge to the restrictions on video gaming systems and other electronic devices at the facility. The Seventh Circuit reversed as to the ban on video gaming systems. Lingle v. Kibby, 526 Fed. Appx. 665 (7th Cir. 2013). Thereafter, in a different case, the Seventh Circuit affirmed the restriction on video gaming consoles that have internet capability, but reversed as to a claim challenging the restrictions on certain movies and video games. Brown v. Phillips, 801 F.3d 849 (7th Cir. 2015). On remand, discovery was reopened in this case, and this Court later defined the remaining claim in this case as a

challenge to the prohibitions on certain movie and video games. (12/4/15 text order.) The Court denied summary judgment on the movie/video games claim in June 2017, finding essentially that Defendants relied on the same evidence that led to this case's reversal. The Court also found that it had been incorrect to conclude that the <u>Brown</u> case resolved Plaintiff's claims about video gaming systems and electronics. (6/30/17 Order.) The Plaintiff alleges in this case that video gaming systems and electronics, such as electronic tablets, can be purchased without any internet capability. <u>Brown</u> arguably did not directly address the issue of video gaming systems and electronics with no internet capability. The claims that remain in this case are, therefore, that the facility's restrictions on movies, video games, and video gaming systems or electronics that can be purchased without any internet capability violate Plaintiff's First Amendment rights. Plaintiff's attempts to expand these claims is denied.

The Court does not believe that the issue of video gaming systems and electronics without internet capability has been addressed. A short discovery period and dispositive motions on this issue only will be allowed. This case will not be consolidated with

Brown, 10-cv-3163, after consideration of the parties' objections to that approach.[1] The remaining claim in Brown appears to involve only a challenge to the movies/games restrictions, not to the restrictions on gaming systems/electronics with no internet capability.

**IT IS ORDERED:**

**(1)** Plaintiff's motions for a preliminary injunction/injunction and motions to amend are denied because the motions are an attempt to expand the claims in this case far beyond the claims identified above. (d/e's 261, 269, 270, 278, 286.)

**(2)** The motion to withdraw Attorney Poe as an attorney of record is granted. (d/e 281.)

**(3)** Plaintiff's objections to the Court's orders are denied to the extent Plaintiff seeks action from the Court or reconsideration of the Court's orders. (d/e 287.)

**(4)** Discovery is opened on the sole issue of whether the facility's rules on possession of gaming systems and electronics without internet capability violate Plaintiff's First Amendment

---

[1] The Court's third case about movie/game restrictions was Hargett, 13-3132, but that case has closed due to Mr. Hargett's death.

rights.  Discovery closes on September 28, 2018.  Dispositive motions on this sole issue are due October 31, 2018.

**(5)**  By July 31, 2018, Defendants are directed to respond to Plaintiff's motion for access to legal supplies (d/e 286), informing the Court whether Plaintiff has access to paper, pen, envelopes, postage, typewriter, and typewriter ribbon necessary to conduct the remaining discovery in this case and address dispositive motions.

**(6)  The clerk is directed to terminate Attorney Poe.**

**(7)  The scanning ban on Plaintiff is lifted.**  However, the only documents Plaintiff should be scanning to the Court at this point are motions to compel (if Defendants do not adequately answer Plaintiff's discovery requests), a dispositive motion, and/or a response to a dispositive motion.  Plaintiff must mail his discovery requests to defense counsel and not file those requests with the Court unless the discovery requests are the subject of a motion to compel.  Abuse of the scanning privileges will result in reinstatement of the ban.  **The clerk is directed to send this text order to Director Gregg Scott, for dissemination to the appropriate person who supervises access to the scanner.**
ENTER:

FOR THE COURT: 7/25/2018

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
